***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted October 27, affirmed December 7, 2022

In the Matter of

Stacie Wiliams KAMINSKI,
aka Stacie Williams,
*Petitioner-Respondent,*
*and*

John Joseph ARAND,
*Respondent-Appellant.*

Clackamas County Circuit Court
19DR07027; A176694

Todd L. Van Rysselberghe, Judge.

Brent J. Goodfellow and Goodfellow Law filed the briefs for appellant.

Elizabeth C. Savage and Karmel Savage, PC filed the brief for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

This appeal arises out of a dispute over child custody and parenting time. Under a prior judgment, mother was awarded custody of the child and father had parenting time under a parenting plan. Father filed a motion to modify the parenting plan, followed shortly thereafter by mother filing a motion to modify the parenting plan to allow her to move from Oregon to Ohio with the parties' minor son. Father then filed a motion for modification of custody if mother moved out of state. As relevant here, the trial court granted mother's request to move, and denied father's request to change custody and to modify the parenting plan in light of mother's intention to move from Oregon to Ohio. Father appeals.

Father asks us to exercise our discretion to review *de novo*, a standard reserved for "exceptional cases." *See* ORS 19.415(3)(b); ORAP 5.40(8)(c). We decline to do so. Accordingly, on review of the denial of father's motion to change custody, we are bound by the trial court's findings of fact that are supported by any evidence in the record, and we review its legal conclusions for errors of law. *Slaughter and Harris*, 292 Or App 687, 688, 425 P3d 770 (2018). We review the trial court's denial of father's request to change parenting time first for legal error to determine "whether the trial court applied the correct legal standard in making the challenged 'best interests' determination[.]" *Finney-Chokey and Chokey*, 280 Or App 347, 360, 381 P3d 1015 (2016), *rev den*, 361 Or 100 (2017). We then review the court's best-interests determination itself for an abuse of discretion, and "we will reverse only if [the] trial court's discretionary determination [was] not a legally permissible one." *Sjomeling v. Lasser*, 251 Or App 172, 187, 285 P3d 1116, *rev den*, 353 Or 103 (2012).

FATHER'S MOTION TO CHANGE CUSTODY

A parent seeking to modify a custody judgment must show both the existence of a substantial change in circumstances and, if such a change exists, that it would be in the child's best interests to change custody from the legal custodian to the moving party. *Colson and Peil*, 183 Or App 12, 21, 51 P3d 607 (2002) (the party seeking the change of

custody "[has] the burden to show that there [has] been a substantial change of circumstances since the time of the original custody award"); *Slaughter*, 292 Or App at 689.[1] As particularly relevant here, a custodial parent's relocation does not automatically constitute a change in circumstances; instead, we consider whether the record supports the trial court's determination that the relocation would have a significant adverse effect on the custodial parent's "capacity to care for the child[ ]." *Dillard and Dillard*, 179 Or App 24, 31-32, 39 P3d 230, *rev den*, 334 Or 491 (2002).

Here, the trial court denied father's motion to modify custody, concluding that father failed to prove that mother's contemplated move to Ohio would have significant adverse effect on either parents' capacity to care for the minor child and thus did not constitute a change of circumstances. It further concluded that it would not be in the child's best interests to change custody. We have reviewed the record and the trial court's findings, including its express credibility findings. We conclude that even if the move would have constituted a substantial change of circumstances, the trial court's findings support its conclusions that changing custody to father would not be in the child's best interests.

## MOTHER'S MOTION TO MODIFY PARENTING TIME

In contrast to a change of custody, a parent seeking to modify a parenting plan need not demonstrate a substantial change in circumstances; instead, the dispositive question is the child's best interests, as determined by evaluating the factors set forth in ORS 107.137(1). *Sjomeling*, 251 Or App at 187-88. Having considered the trial court's careful evaluation of the ORS 107.137(1) factors, again including its express credibility findings, we see no abuse of discretion.

Affirmed.

---

[1] In contrast, if the question of relocation of a parent arises outside the context of a modification, the court is required to consider only the best interest of the child and the factors set forth in ORS 107.137(1). *Stancliff and Stancliff*, 320 Or App 369, 370, 513 P3d 20 (2022).